B1 (Official Form 1) (04/13)

| UNITED STATES BANKRUPTCY COURT | VOLUNTARY PETITION |
|---|---|

**Eastern District of Virginia – Richmond Division**

| | |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle):<br>Gray Hawk Insurance Company | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all):<br>26-0483222 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>One Alpha Place<br>Bristol, VA<br>ZIP CODE 24202 | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>City of Bristol, VA | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>P.O. Box 16429<br>Bristol, VA<br>ZIP CODE 24209 | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| Type of Debtor (Form of Organization)<br>(Check **one** box.) | Nature of Business<br>(Check **one** box.) | Chapter of Bankruptcy Code Under Which the Petition is Filed (Check **one** box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☑ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other: Insurance | ☐ Chapter 7<br>☐ Chapter 9<br>☑ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13<br><br>☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |

| **Chapter 15 Debtors** | **Tax-Exempt Entity**<br>(Check box, if applicable.) | **Nature of Debts**<br>(Check **one** box.) |
|---|---|---|
| Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | ☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."  ☑ Debts are primarily business debts. |

| **Filing Fee** (Check one box.) | **Chapter 11 Debtors** |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only).  Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments.  Rule 1006(b).  See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only).  Must attach signed application for the court's consideration.  See Official Form 3B. | **Check one box**:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br><br>**Check if**:<br>☑ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>**Check all applicable boxes**:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

B1 (Official Form 1) (04/13)                                                                                                      Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s): Gray Hawk Insurance Company |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location<br>Where Filed:                          N/A | Case Number:            N/A | Date Filed:              N/A |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor:<br>**See Schedule 1.** | Case Number: | Date Filed: |
| District:<br>**Eastern District of Virginia – Richmond Division** | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br><br>☐   Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual<br>whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.  I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>    Signature of Attorney for Debtor(s)    (Date) |

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☒   No. (See attached Exhibit C.)

### Exhibit D

(To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐   Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐   Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

### Information Regarding the Debtor – Venue
(Check any applicable box.)

☐     Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☒     There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐     Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes.)

☐     Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐     Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐     Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐     Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(04/13)

**Voluntary Petition**
*(This page must be completed and filed in every case.)*

Name of Debtor(s): Gray Hawk Insurance Company

| Signatures |
| --- |

## Signature(s) of Debtor(s)
### (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7]  I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition]  I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
   Signature of Debtor

X _____
   Signature of Joint Debtor

_____
   Telephone Number (if not represented by attorney)

_____
   Date

## Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐   I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐   Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition.  A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
   (Signature of Foreign Representative)

_____
   (Printed Name of Foreign Representative)

_____
   Date

## Signature of Attorney*

X  /s/ Tyler P. Brown_____
   Signature of Attorney for Debtor(s)
   Tyler P. Brown_____
   Printed Name of Attorney for Debtor(s)
   Hunton & Williams LLP_____
   Firm Name

   951 E. Byrd Street_____
   Richmond, VA 23219_____
   Address
   804-788-8200_____
   Telephone Number
   8/3/2015_____
   Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

## Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that:  (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer
_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)  (Required by 11 U.S.C. § 110.)

_____
Address
X _____
   Signature
_____
   Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156.*

## Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  /s/ Richard H. Verheij_____
   Signature of Authorized Individual
   Richard H. Verheij_____
   Printed Name of Authorized Individual
   Vice President and Secretary_____
   Title of Authorized Individual
   8/3/2015_____
   Date

## SCHEDULE 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in this court for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Alpha Natural Resources, Inc.

Alex Energy, Inc. (5384)
Alpha American Coal Company, LLC (7356)
Alpha American Coal Holding, LLC (3319)
Alpha Appalachia Holdings, Inc. (0960)
Alpha Appalachia Services, Inc. (5096)
Alpha Coal Resources Company, LLC (1308)
Alpha Coal Sales Co., LLC (1207)
Alpha Coal West, Inc. (7616)
Alpha European Sales, Inc. (4161)
Alpha India, LLC (3320)
Alpha Land and Reserves, LLC (6960)
Alpha Midwest Holding Company (6626)
Alpha Natural Resources International, LLC (2266)
Alpha Natural Resources Services, LLC (5099)
Alpha Natural Resources, Inc. (8663)
Alpha Natural Resources, LLC (8262)
Alpha PA Coal Terminal, LLC (2515)
Alpha Shipping and Chartering, LLC (6215)
Alpha Sub Eight, LLC (7689)
Alpha Sub Eleven, Inc. (0130)
Alpha Sub Nine, LLC (1607)
Alpha Sub One, LLC (2410)
Alpha Sub Ten, Inc. (6036)
Alpha Sub Two, LLC (2527)
Alpha Terminal Company, LLC (2473)
Alpha Wyoming Land Company, LLC (1756)
AMFIRE Holdings, LLC (3814)
AMFIRE Mining Company, LLC (3833)
AMFIRE, LLC (0939)
Appalachia Coal Sales Company, Inc. (8775)
Appalachia Holding Company (5165)
Aracoma Coal Company, Inc. (9141)
Axiom Excavating and Grading Services, LLC (9122)
Bandmill Coal Corporation (8310)
Bandytown Coal Company (1776)
Barbara Holdings Inc. (2326)
Barnabus Land Company (8645)

Belfry Coal Corporation (5137)
Big Bear Mining Company (8933)
Black Castle Mining Company, Inc. (1104)
Black King Mine Development Co. (8659)
Black Mountain Cumberland Resources, Inc. (3540)
Boone East Development Co. (7715)
Brooks Run Mining Company, LLC (0922)
Brooks Run South Mining, LLC (2580)
Buchanan Energy Company, LLC (3234)
Castle Gate Holding Company (6620)
Clear Fork Coal Company (7300)
Coal Gas Recovery II, LLC (5899)
Crystal Fuels Company (2366)
Cumberland Coal Resources, LP (1723)
Dehue Coal Company (9956)
Delbarton Mining Company (4304)
Delta Mine Holding Company (7558)
DFDSTE Corp. (9429)
Dickenson-Russell Coal Company, LLC (9085)
Dickenson-Russell Land and Reserves, LLC (8709)
DRIH Corporation (7754)
Duchess Coal Company (5084)
Eagle Energy, Inc. (1738)
Elk Run Coal Company, Inc. (7978)
Emerald Coal Resources, LP (1724)
Enterprise Mining Company, LLC (1602)
Esperanza Coal Co., LLC (2549)
Foundation Mining, LLC (8168)
Foundation PA Coal Company, LLC (1726)
Foundation Royalty Company (6627)
Freeport Mining, LLC (1725)
Freeport Resources Company, LLC (0391)
Goals Coal Company (7462)
Gray Hawk Insurance Company (3222)
Green Valley Coal Company (7007)
Greyeagle Coal Company (1551)
Harlan Reclamation Services LLC (4510)
Herndon Processing Company, LLC (2749)
Highland Mining Company (7301)
Hopkins Creek Coal Company (6806)
Independence Coal Company, Inc. (8773)
Jacks Branch Coal Company (4230)
Jay Creek Holding, LLC (3143)
Kanawha Energy Company (5391)
Kepler Processing Company, LLC (2560)
Kingston Mining, Inc. (2659)

Kingwood Mining Company, LLC (8058)
Knox Creek Coal Corporation (3689)
Lauren Land Company (9098)
Laxare, Inc. (6813)
Litwar Processing Company, LLC (2687)
Logan County Mine Services, Inc. (8085)
Long Fork Coal Company (5009)
Lynn Branch Coal Company, Inc. (7451)
Maple Meadow Mining Company (9664)
Marfork Coal Company, Inc. (3539)
Martin County Coal Corporation (2852)
Maxxim Rebuild Co., LLC (9355)
Maxxim Shared Services, LLC (4342)
Maxxum Carbon Resources, LLC (2477)
McDowell-Wyoming Coal Company, LLC (9104)
Mill Branch Coal Corporation (7506)
New Ridge Mining Company (8677)
New River Energy Corporation (5713)
Neweagle Industries, Inc. (5751)
Nicewonder Contracting, Inc. (8143)
North Fork Coal Corporation (9027)
Omar Mining Company (5010)
Paramont Coal Company Virginia, LLC (8367)
Paynter Branch Mining, Inc. (6860)
Peerless Eagle Coal Co. (1306)
Pennsylvania Land Holdings Company, LLC (2626)
Pennsylvania Land Resources Holding Company, LLC (5640)
Pennsylvania Land Resources, LLC (4684)
Pennsylvania Services Corporation (2601)
Performance Coal Company (6927)
Peter Cave Mining Company (0315)
Pigeon Creek Processing Corporation (0369)
Pilgrim Mining Company, Inc. (6461)
Pioneer Fuel Corporation (5211)
Plateau Mining Corporation (1213)
Power Mountain Coal Company (7082)
Premium Energy, LLC (2770)
Rawl Sales & Processing Co. (6477)
Republic Energy, Inc. (1015)
Resource Development LLC (2316)
Resource Land Company LLC (2100)
River Processing Corporation (9433)
Riverside Energy Company, LLC (2691)
Riverton Coal Production Inc. (9658)
Road Fork Development Company, Inc. (3743)
Robinson-Phillips Coal Company (6264)

Rockspring Development, Inc. (1956)
Rostraver Energy Company (8256)
Rum Creek Coal Sales, Inc. (1801)
Russell Fork Coal Company (4431)
Shannon-Pocahontas Coal Corporation (2767)
Shannon-Pocahontas Mining Company (3879)
Sidney Coal Company, Inc. (3752)
Spartan Mining Company (1923)
Stirrat Coal Company (8501)
Sycamore Fuels, Inc. (7013)
T. C. H. Coal Co. (3123)
Tennessee Consolidated Coal Company (9380)
Thunder Mining Company II, Inc. (0782)
Trace Creek Coal Company (8260)
Twin Star Mining, Inc. (5426)
Wabash Mine Holding Company (7559)
Warrick Holding Company (7557)
West Kentucky Energy Company (6756)
White Buck Coal Company (7028)
Williams Mountain Coal Company (9825)
Wyomac Coal Company, Inc. (4144)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| GRAY HAWK INSURANCE COMPANY | ) Case No. 15-_____ (___) |
|  | ) |
| Debtor. | ) (Joint Administration Requested) |
|  | ) |

## CONSOLIDATED LIST OF CREDITORS HOLDING THE
## 50 LARGEST UNSECURED CLAIMS

The above-captioned debtors and debtors in possession (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The following is a consolidated list of the Debtors' creditors holding the fifty largest unsecured claims (the "Creditor List") based on the Debtors' unaudited books and records as of the petition date. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in the chapter 11 case.

The Creditor List does not include (i) persons who come within the definition of "insider" set forth in section 101(31) of the Bankruptcy Code or (ii) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the fifty largest unsecured claims. The information contained herein does not constitute a waiver of the Debtors' right to contest the validity, priority, or amount of any claim at a later date.

| | Name, telephone number and complete mailing address including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | Amount of Claim (if secured also state value of security) |
|---|---|---|---|---|
| 1. | UNION BANK, N.A.<br>ATTN: JAMES MYERS<br>VICE PRESIDENT<br>350 CALIFORNIA ST., 11TH FLOOR<br>SAN FRANCISCO, CA  94104<br><br>FAX: (415) 273- 2492 | 6.25% Senior Notes due 2021 |  | $584,929,000 |

| | Name, telephone number and complete mailing address including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | Amount of Claim (if secured also state value of security) |
|---|---|---|---|---|
| 2. | UNION BANK, N.A.<br>ATTN: JAMES MYERS<br>VICE PRESIDENT<br>350 CALIFORNIA ST., 11TH FLOOR<br>SAN FRANCISCO, CA  94104<br><br>FAX: (415) 273- 2492 | 6.00% Senior Notes due 2019 | | $576,874,000 |
| 3. | UNION BANK, N.A.<br>ATTN: JAMES MYERS<br>VICE PRESIDENT<br>350 CALIFORNIA ST., 11TH FLOOR<br>SAN FRANCISCO, CA  94104<br><br>FAX: (415) 273- 2492 | 9.75% Senior Notes due 2018 | | $392,584,000 |
| 4. | UNION BANK, N.A.<br>ATTN: SONIA FLORES<br>VICE PRESIDENT<br>350 CALIFORNIA STREET, 11TH FLOOR<br>SAN FRANCISCO, CA  94104<br><br>FAX: (415) 273- 2492 | 4.875% Convertible Senior Notes due 2020 | | $276,740,000 |
| 5. | UNION BANK, N.A.<br>ATTN: VICE PRESIDENT<br>350 CALIFORNIA STREET, 11TH FLOOR<br>SAN FRANCISCO, CA  94104<br><br>FAX: (415) 273- 2492 | 3.75% Convertible Senior Notes due 2017 | | $262,683,000 |
| 6. | WILMINGTON TRUST COMPANY<br>ATTN: DONALD E. FOLEY<br>CEO & CHAIRMAN<br>RODNEY SQUARE NORTH<br>1100 NORTH MARKET STREET<br>WILMINGTON, DE  19890-0001<br><br>PHONE: (800) 724-2440<br>FAX: (302) 651-8937 | 3.25% Convertible Senior Notes due 2015 | | $109,201,000 (Value of collateral unknown) |
| 7. | JOY GLOBAL UNDERGROUND MINING LLC &<br>JOY GLOBAL SURFACE MINING INC<br>ATTN: EDWARD L. DOHENY II<br>PRESIDENT AND CHIEF EXECUTIVE OFFICER<br>100 EAST WISCONSIN AVENUE<br>SUITE 2780<br>MILWAUKEE, WI  53202<br><br>PHONE: (414) 319-8500<br>FAX: (414) 486-6717 | Trade Debt | | $7,814,548 |

| | Name, telephone number and complete mailing address including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | Amount of Claim (if secured also state value of security) |
|---|---|---|---|---|
| 8. | BLANKENSHIP, DONALD L.<br>ADDRESS ON FILE | Legal Fees / Litigation | Contingent, Disputed and Unliquidated | $3,500,000 (Estimate) |
| 9. | UNITED CENTRAL INDUSTRIAL SUPPLY<br>ATTN: DARRELL H. COLE, CEO<br>1241 VOLUNTEER PARKWAY<br>SUITE 1000<br>BRISTOL, TN  37620<br><br>PHONE: (423) 573-7300<br>FAX: (423) 573-7297 | Trade Debt | | $3,270,907 |
| 10. | NELSON BROTHERS LLC<br>ATTN: RALPH HYMER<br>EXECUTIVE VICE PRESIDENT<br>820 SHADES CREEK PARKWAY<br>SUITE 2000<br>BIRMINGHAM, AL  35209<br><br>PHONE: (205) 414-2900<br>FAX: (205) 802-5312 | Trade Debt | | $2,991,353 |
| 11. | CECIL I WALKER MACHINERY CO<br>ATTN: MONTY BOYD<br>PRESIDENT<br>C/O BOYD COMPANY<br>10001 LINN STATION ROAD<br>LOUISVILLE, KY  40223<br><br>PHONE: (502) 774-4441<br>FAX: (304) 949-7220 | Trade Debt | | $2,830,809 |
| 12. | WYOMING MACHINERY CO<br>ATTN: RICHARD S. WHEELER<br>PRESIDENT AND CHIEF EXECUTIVE OFFICER<br>5300 OLD W YELLOWSTONE HWY<br>CASPER, WY  82602<br><br>PHONE: (307) 472-1000<br>FAX: (307) 261-4486 | Trade Debt | | $2,520,438 |
| 13. | APPALACHIAN POWER COMPANY<br>ATTN: CHRIS PATTON<br>PRESIDENT AND COO<br>304 29 ST W<br>CHARLESTON, WV  25387<br><br>PHONE: (800) 982 -4237<br>FAX: (614) 223-1823 | Trade Debt | Unliquidated | $2,500,000 (Estimate) |

| | Name, telephone number and complete mailing address including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | Amount of Claim (if secured also state value of security) |
|---|---|---|---|---|
| 14. | NATURAL RESOURCE PARTNERS LP (CSTL/ACIN LLC; WPP LLC; ACIN/NRP; CSTL LLC) C/O CORBIN J. ROBERTSON, JR. CHIEF EXECUTIVE OFFICER AND CHAIRMAN OF THE BOARD 601 JEFFERSON STREET SUITE 3600 HOUSTON, TX  77002<br><br>PHONE: (713) 751-7507 FAX: (972) 248-5395 EMAIL: info@nrplp.com | Coal Royalty | Unliquidated | $2,500,000 (Estimate) |
| 15. | BRIDGESTONE AMERICAS TIRE OPERATIONS ATTN: GARY GARFIELD CEO & PRESIDENT 535 MARRIOTT DR NASHVILLE, TN  37214<br><br>PHONE: (615) 937-1000 FAX: (615) 937-3621 | Trade Debt | | $2,284,900 |
| 16. | BRAKE SUPPLY CO INC ATTN: DAVID KOCH PRESIDENT AND CHIEF EXECUTIVE OFFICER 5501 FOUNDATION BLVD. EVANSVILLE, IN  47725<br><br>PHONE: (800) 457-5788 FAX: (812) 429-9425 EMAIL: dkoch@brake.com | Trade Debt | | $2,118,094 |
| 17. | POWELL CONSTRUCTION COMPANY ATTN: GENERAL COUNSEL 3622 BRISTOL HWY JOHNSON CITY, TN  37601<br><br>PHONE: (423) 282-0111 FAX: (423) 282-1541 | Trade Debt | | $2,086,675 |
| 18. | VIKING EXPLOSIVES LLC ATTN: GENERAL COUNSEL 2178 HIGHLIGHT ROAD GILLETTE, WY  82718<br><br>PHONE: (307) 464-1611 FAX: (307) 464-0126 | Trade Debt | | $2,057,436 |

| | Name, telephone number and complete mailing address including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | Amount of Claim (if secured also state value of security) |
|---|---|---|---|---|
| 19. | WYOMING OFFICE OF STATE LANDS & INVESTMENTS<br>ATTN: BRIDGET HILL<br>DIRECTOR ROYALTY SECTION<br>122 W 25TH ST 3RD FL<br>WESTCHEYENNE, WY  82002-0600<br><br>PHONE: (307) 777-7331<br>FAX: (307) 777-7682<br>EMAIL: bridget.hill1@wyo.gov | Coal Royalty | Unliquidated | $2,000,000<br>(Estimate) |
| 20. | US DEPT OF THE INTERIOR<br>ATTN: NEIL KORNZE, DIRECTOR<br>BUREAU OF LAND MANAGEMENT<br>1849 C STREET NW<br>RM 5665<br>WASHINGTON, DC  20240<br><br>PHONE: (202) 208-3801<br>FAX: (202) 208-5242 | Coal Royalty | Unliquidated | $1,900,000<br>(Estimate) |
| 21. | CARTER MACHINERY CO INC<br>ATTN: JIM PARKER, CEO<br>1330 LYNCHBURG TURNPIKE<br>SALEM, VA  24153<br><br>PHONE: (540) 387-1111<br>FAX: (540) 375-9390 | Trade Debt | | $1,753,192 |
| 22. | CSXT N/A 125043<br>ATTN: MICHAEL J. WARD<br>CHAIRMAN AND CHIEF EXECUTIVE OFFICER<br>550 WATER STREET<br>15TH FLOOR<br>JACKSONVILLE, FL  32202<br><br>PHONE: (904) 359-3200<br>FAX: (904) 359-2459 | Trade Debt | | $1,688,864 |
| 23. | MAYO MANUFACTURING CO INC<br>ATTN: GENERAL COUNSEL<br>110 PHICO ST<br>CHAPMANVILLE, WV  25508-9704<br><br>PHONE: (304) 855-5947<br>FAX: (304) 855-2329 | Trade Debt | | $1,574,645 |
| 24. | JENNMAR CORP<br>ATTN: KARL ANTHONY CALANDRA<br>EXECUTIVE VICE PRESIDENT<br>258 KAPPA DRIVE<br>PITTSBURGH, PA  15238<br><br>PHONE:  (412) 963-9071<br>FAX: (412) 963-8099 | Trade Debt | | $1,551,682 |

| | Name, telephone number and complete mailing address including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | Amount of Claim (if secured also state value of security) |
|---|---|---|---|---|
| 25. | PETROLEUM PRODUCTS INC<br>ATTN: GENERAL COUNSEL<br>200 VISCOSE RD<br>BUNKER HILL, WV  25413<br><br>PHONE: (304) 755-1000<br>FAX: (304)-926-3009 | Trade Debt | | $1,514,123 |
| 26. | EARTH SUPPORT SVCS INC DBA MICON<br>ATTN: GENERAL COUNSEL<br>25 ALLEGHENY SQ<br>GLASSPORT, PA  15045-1649<br><br>PHONE: (412) 664-7788<br>FAX: (412) 664-7717<br>EMAIL: info@miconmining.com | Trade Debt | | $1,302,583 |
| 27. | TRAMCO SERVICES INC<br>ATTN: GENERAL COUNSEL<br>141 CAMPBELLS CREEK DR<br>CHARLESTON, WV  25306<br><br>PHONE:  (304) 926-2650<br>FAX: (304) 235-6591 | Trade Debt | Disputed | $1,160,890 |
| 28. | ROWLAND LAND COMPANY<br>ATTN: DAVID POLLITT, OWNER<br>405 CAPITAL STREET, SUITE 609<br>CHARLESTON, WV  25301<br><br>PHONE: (304) 346-6671<br>FAX: (304) 346-6675<br>EMAIL: rowland@suddenlinkmail.com | Coal Royalty | Unliquidated | $1,000,000 (Estimate) |
| 29. | D A LUBRICANT CO INC<br>ATTN: MIKE PROTOGERE<br>CHIEF EXECUTIVE OFFICER<br>801 EDWARDS DRIVE<br>LEBANON, IN  46052<br><br>PHONE: 317-923-5321<br>FAX: (765) 482-3065 | Trade Debt | | $901,885 |
| 30. | SUPERIOR COAL SERVICES LLC<br>ATTN: GENERAL COUNSEL<br>PO BOX 1025<br>SUMMERSVILLE, WV  26651<br><br>PHONE: (304) 872-4030<br>FAX: (304) 872-4033 | Trade Debt | | $821,140 |

| | Name, telephone number and complete mailing address including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | Amount of Claim (if secured also state value of security) |
|---|---|---|---|---|
| 31. | J H FLETCHER & CO<br>ATTN: GREG HINSHAW<br>CHIEF EXECUTIVE OFFICER<br>402 HIGH ST.<br>HUNTINGTON, WV  25722<br><br>PHONE: (304) 525-7811<br>FAX: (304) 525-3770 | Trade Debt | | $783,213 |
| 32. | VEOLIA WATER SOLUTIONS & TECHNOLOGIES NORTH AMERICA INC.<br>ATTN: GENERAL COUNSEL<br>250 AIRSIDE DR<br>MOON TOWNSHIP, PA  15108-2793<br><br>PHONE: (412) 809-6590<br>FAX: (412) 809-6111 | Trade Debt | | $714,887 |
| 33. | W & B FABRICATORS INC<br>ATTN: GENERAL COUNSEL<br>PO BOX 179<br>ROCKY GAP, VA  24366<br><br>PHONE: (276) 928-1060<br>FAX: (276) 928-1062<br>EMAIL: robbie@wbfabricators.com | Trade Debt | | $671,254 |
| 34. | SHONK LAND COMPANY, LLC<br>ATTN: GENERAL COUNSEL<br>PO BOX 969<br>CHARLESTON, WV  25324<br><br>PHONE: 304-344-2455<br>FAX: (304) 344-2467 | Coal Royalty | Unliquidated | $650,000<br>(Estimate) |
| 35. | PP&L GENERATION, LLC<br>ATTN: WILLIAM H. SPENCE<br>CHAIRMAN, PRESIDENT AND CEO<br>TWO NORTH NINTH STREET<br>ALLENTOWN, PA  18101-1179<br><br>PHONE: (610) 774-5151<br>FAX: (610) 774-5106 | Coal Royalty | Unliquidated | $600,000<br>(Estimate) |
| 36. | CRAMER SECURITY & INVESTIGATIONS INC<br>ATTN: GENERAL COUNSEL<br>PO BOX 1082<br>BECKLEY, WV  25802-1082<br><br>PHONE: (304) 256-0300<br>FAX: (304) 256-0895 | Trade Debt | | $598,543 |

| | Name, telephone number and complete mailing address including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | Amount of Claim (if secured also state value of security) |
|---|---|---|---|---|
| 37. | CHISLER BROTHERS CONTRACTING LLC<br>ATTN: GENERAL COUNSEL<br>4607 MASON DIXON HWY<br>PENTRESS, WV  26544<br><br>PHONE: (304) 879-5511<br>FAX: (304) 879-5012 | Trade Debt | | $590,709 |
| 38. | W C HYDRAULICS LLC<br>ATTN: GENERAL COUNSEL<br>172 PHILPOT LN<br>BEAVER, WV  25813<br><br>PHONE: (304) 255-2208<br>FAX: (304) 255-2252 | Trade Debt | | $524,676 |
| 39. | QUALITY MAGNETITE LLC<br>ATTN: GENERAL COUNSEL<br>2620 BIG SANDY ROAD  (U.S. ROUTE 52 SOUTH)<br>KENOVA, WV  25530<br><br>PHONE: (304) 453-2222<br>FAX: (304) 453-2260 | Trade Debt | | $523,873 |
| 40. | FENNER DUNLOP AMERICAS INC<br>ATTN: GENERAL COUNSEL<br>PO BOX 347625<br>PITTSBURGH, PA  15251-4625<br><br>PHONE: (412) 249-0682<br>FAX: (412) 249-0701 | Trade Debt | | $521,416 |
| 41. | RISH EQUIPMENT CO<br>ATTN: GENERAL COUNSEL<br>294 GEORGE ST PO BOX 1781<br>BECKLEY, WV  25801<br><br>PHONE: (304) 255-4111<br>FAX: (304) 255-0317 | Trade Debt | | $502,989 |
| 42. | CUMMINS CROSSPOINT LLC<br>ATTN: GENERAL COUNSEL<br>602 NEW GOFF MOUNTAIN RD<br>CROSS LANES, WV  25313<br><br>PHONE: (317) 240-1948<br>FAX: (304) 769-1022 | Trade Debt | | $498,337 |

| | Name, telephone number and complete mailing address including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | Amount of Claim (if secured also state value of security) |
|---|---|---|---|---|
| 43. | ELITE COAL SERVICES LLC<br>ATTN: GENERAL COUNSEL<br>PO BOX 1025<br>SUMMERSVILLE, WV  26651<br><br>PHONE: (304) 872-4030<br>FAX: (304) 872-4033 | Trade Debt | | $491,011 |
| 44. | A L LEE CORP<br>ATTN: GENERAL COUNSEL<br>PO BOX 99<br>LESTER, WV  25865<br><br>PHONE: (304) 934-5386<br>FAX: (304) 934-5388 | Trade Debt | | $476,260 |
| 45. | LEE SUPPLY CO INC<br>ATTN: GENERAL COUNSEL<br>PO BOX 1250<br>2795 RITTER DR (SHADY SPRING)<br>BEAVER, WV  25813-1250<br><br>PHONE: (304) 763-0215<br>FAX: (304) 763-0218 | Trade Debt | | $462,358 |
| 46. | K & K STEAM CLEANING & CONTRACTING INC<br>ATTN: GENERAL COUNSEL<br>667 NEW CAMP RD<br>SOUTH WILLIAMSON, KY  41503<br><br>PHONE: (606) 237-4835<br>FAX: (606) 437-9697 | Trade Debt | | $457,830 |
| 47. | HUGH M. CAPERTON, HARMAN DEVELOPMENT CORPORATION, HARMAN MINING CORPORATION, AND SOVEREIGN COAL SALES, INC.<br>C/O REED SMITH LLP<br>ATTN: S. MILES DUMVILLE AND TRAVIS SABALEWSKI<br>RIVERFRONT PLAZA - WEST TOWER<br>901 EAST BROAD STREET, SUITE 1700<br>RICHMOND, VA  23219-4068<br><br>PHONE: (804) 344-3430<br>FAX: (804) 344-3410 | Litigation | Contingent, Disputed and Unliquidated | Undetermined |
| 48. | PENSION BENEFIT GUARANTY CORPORATION<br>C/O COUNSEL<br>OFFICE OF THE CHIEF COUNSEL<br>1200 K STREET, NW, SUITE 340<br>WASHINGTON, DC  20005-4026<br><br>PHONE: (202) 326-4020<br>FAX: (202) 326-4112 | Pension | Contingent, Disputed and Unliquidated | Undetermined |

| | Name, telephone number and complete mailing address including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | Amount of Claim (if secured also state value of security) |
|---|---|---|---|---|
| 49. | UNITED STATES DEPARTMENT OF LABOR<br>MINE SAFETY AND HEALTH ADMINISTRATION<br>ATTN: JOSEPH A. MAIN<br>ASSISTANT SECRETARY<br>201 12TH STREET SOUTH<br>ARLINGTON, VA  22202-5450<br><br>PHONE: (202) 693-9414<br>FAX: (202) 693-9401 | Mine Safety & Health | Contingent, Disputed and Unliquidated | Undetermined |
| 50. | UNITED STATES ENVIRONMENTAL PROTECTION AGENCY<br>C/O GINA MCCARTHYADMINISTRATOR<br>WILLIAM JEFFERSON CLINTON BUILDING NORTH (WJC NORTH)<br>1200 PENNSYLVANIA AVENUE N.W.<br>WASHINGTON, DC  20004<br><br>PHONE: (202) 564-4700<br>FAX: (202) 501-1430 | Environmental | Contingent and Unliquidated | Undetermined |

## DECLARATION CONCERNING THE CONSOLIDATED
## LIST OF CREDITORS HOLDING THE FIFTY LARGEST UNSECURED CLAIMS

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

The information contained herein is based upon a review of the Debtors' books and records. However, no comprehensive legal or factual investigation with regard to possible defenses to any claims set forth in this document have been completed. Therefore, this listing does not and should not be deemed to constitute (1) a waiver of any defense to any listed claim, (2) an acknowledgement of the allowability of any listed claim or (3) a waiver of any other right or legal position of the Debtors.

Dated: August 3, 2015

/s/  Richard H. Verheij_____
Richard H. Verheij
Executive Vice President, General
Counsel and Corporate Secretary of
Alpha Natural Resources, Inc. and
officer of each of the other Debtors

*Penalty for making a false statement or concealing property*: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.

B 1C (Official Form 1, Exhibit C) (9/01)

*[If, to the best of the debtor's knowledge, the debtor owns or has possession of property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety, attach this Exhibit "C" to the petition.]*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| GRAY HAWK INSURANCE COMPANY | ) Case No. 15-_____ (___) |
| | ) |
| Debtor. | ) (Joint Administration Requested) |

**EXHIBIT "C" TO VOLUNTARY PETITION**

1.  Identify and briefly describe all real or personal property owned by or in possession of the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

    The above-captioned debtor (the "Debtor") does not believe it owns or possesses any real or personal property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety. The Debtor notes that it is not aware of any definition of "imminent and identifiable harm" as used in this form.

2.  With respect to each parcel of real property or item of personal property identified in question 1, describe the nature and location of the dangerous condition, whether environmental or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

    The Debtor is not aware of any dangerous conditions existing on or related to any real or personal property owned or possessed by the Debtor that pose or are alleged to pose a threat of imminent and identifiable harm to the public health or safety. The Debtor notes that it is not aware of any definition of "imminent and identifiable harm" as used in this form.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

_____

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| GRAY HAWK INSURANCE COMPANY | ) Case No. 15-_____ (___) |
|  | ) |
| Debtor. | ) (Joint Administration Requested) |

_____

**LIST OF EQUITY SECURITY HOLDERS PURSUANT TO
FEDERAL RULE OF BANKRUPTCY PROCEDURE 1007(a)(3)**

| Debtor | Name and Address of Equity Interest Holder | Percentage of Interests Held |
|---|---|---|
| Gray Hawk Insurance Company | Appalachia Holding Company One Alpha Place Bristol, VA 24202 | 100% |

**DECLARATION UNDER PENALTY OF PERJURY
CONCERNING LIST OF EQUITY SECURITY HOLDERS**

     I declare under the penalty of perjury that I have read the foregoing list of equity security holders and that it is true and correct to the best of my information and belief.

Dated: 8/3/2015

                              */s/ Richard H. Verheij*
                              Richard H. Verheij
                              Vice President and Secretary

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

_____

| | |
|---|---|
| In re: | Chapter 11 |
| GRAY HAWK INSURANCE COMPANY | Case No. 15-_____ (___) |
| Debtor. | (Joint Administration Requested) |

_____

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rule 1007(a)(1) of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Interest Holder | Percentage of Interests Held |
|---|---|
| Appalachia Holding Company | 100% |

## DECLARATION UNDER PENALTY OF PERJURY

I, Richard H. Verheij, the undersigned authorized signatory of Gray Hawk Insurance Company, declare under penalty of perjury that I have read the foregoing corporate ownership statement and that it is true and correct to the best of my information and belief.

Dated: 8/3/2015

*/s/ Richard H. Verheij*
Richard H. Verheij
Vice President and Secretary

## GRAY HAWK INSURANCE COMPANY
### (a Kentucky corporation)

## CERTIFICATE OF RESOLUTION

I, Richard H. Verheij, the Vice President and Secretary of Gray Hawk Insurance Company, a Kentucky corporation (the "Company"), do hereby certify that: (a) I am the duly elected, qualified Vice President and Secretary of the Company; (b) the following resolutions were duly adopted by the board of directors of the Company, as of August 3, 2015, in accordance with the requirements of applicable law; and (c) said resolutions have not been amended, modified or rescinded and are in full force and effect as of the date hereof.

Name:    Richard H. Verheij
Title:    Vice President and Secretary

Date:    August 3, 2015

**RESOLUTIONS ADOPTED BY
ACTION TAKEN BY UNANIMOUS WRITTEN CONSENT OF THE BOARD OF
DIRECTORS
OF
GRAY HAWK INSURANCE COMPANY**

The undersigned, being all of the members of the board of directors (the "Board") of Gray Hawk Insurance Company, a Kentucky corporation (the "Company"), hereby consent in writing, based on advice of the Company's professionals and after thorough discussions, to the following actions, and approve and adopt the following resolutions by their unanimous written consent, with the same full force and effect as if they had been adopted at a meeting of the Board, and direct that this written consent action be filed with the minutes of the proceedings of the Board:

**WHEREAS**, the Board has (a) regularly and carefully reviewed the materials and other information presented by the management and the advisors of the Company regarding business conditions, the Company's operations, its current and projected financial position and other relevant information, (b) thoroughly evaluated the Company's strategic alternatives, including a possible restructuring and (c) conferred extensively with the Company's management and advisors regarding these matters and (d) determined that the filing of a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") is in the best interests of the Company and its stakeholders;

**NOW THEREFORE, BE IT:**

**RESOLVED**, that in the judgment of the Board it is desirable and in the best interests of the Company, its creditors, and other interested parties, that the Company seek relief under the Bankruptcy Code;

**FURTHER RESOLVED**, that the Company shall be, and it hereby is, authorized to file a voluntary petition (the "Petition") for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"), in the United States Bankruptcy Court for the Eastern District of Virginia or such other court as each "Authorized Person" (as defined below) of the Company shall determine to be appropriate (the "Bankruptcy Court") and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect the foregoing, the performance of such acts to constitute conclusive evidence of the reasonableness, advisability, expedience, convenience, appropriateness or necessity thereof;

**FURTHER RESOLVED**, that each Authorized Person shall be, and each of them hereby is, authorized, directed and empowered, in the name and on behalf of the Company, to: (a) execute, acknowledge, deliver and verify the Petition and all other ancillary documents, and cause the Petition to be filed with the Bankruptcy Court and make or cause to be made prior to execution thereof any modifications to the Petition or ancillary documents as any such Authorized Person, in such person's discretion, deems necessary, desirable or appropriate to carry out the intent and accomplish the purposes of

*Gray Hawk Insurance Company*

these resolutions; (b) execute, acknowledge, deliver, verify and file or cause to be filed all petitions, schedules, statements, lists, motions, applications and other papers or documents necessary or desirable in connection with the foregoing; and (c) execute, acknowledge, deliver and verify any and all other documents necessary, desirable or appropriate in connection therewith and to administer the Company's Chapter 11 Case in such form or forms as any such Authorized Person may approve; and the actions of any Authorized Person taken pursuant to this resolution, including the execution, acknowledgment, delivery and verification of the Petition and all ancillary documents and all other agreements, certificates, instruments, guaranties, notices and other documents, shall be conclusive evidence of such Authorized Person's approval and the necessity, desirability or appropriateness thereof;

**FURTHER RESOLVED**, that the Authorized Persons shall be, and each of them hereby is, authorized, directed and empowered, in the name and on behalf of the Company, to retain:  (a) Jones Day; (b) Hunton & Williams LLP; (c) the Rothschild Group; (d) Alvarez & Marsal Holdings, LLC; (e) Kurtzman Carson Consultants, LLC; and (f) such additional professionals, including attorneys, accountants, financial advisors, investment bankers, actuaries, consultants, agents or brokers (together with the foregoing identified firms, the "Professionals"), in each case as in any such Authorized Person's judgment may be necessary, desirable or appropriate in connection with the Company's chapter 11 case and other related matters, on such terms as such Authorized Person or Authorized Persons shall approve and such Authorized Person's retention thereof to constitute conclusive evidence of such Authorized Person's approval and the necessity, desirability or appropriateness thereof;

**FURTHER RESOLVED**, that the law firms of Jones Day and Hunton & Williams LLP and any additional special or local counsel selected by the Authorized Persons, if any, shall be, and hereby are, authorized, empowered and directed to represent the Company, as debtor and debtor in possession, in connection with any chapter 11 case commenced by or against it under the Bankruptcy Code;

**FURTHER RESOLVED**, that the Company, as debtor and debtor in possession under chapter 11 of the Bankruptcy Code, shall be, and it hereby is, authorized to: (a) enter into and incur any obligations under a new debtor in possession financing facility or facilities, including the use of cash collateral, and any associated documents and consummate the transactions contemplated therein (collectively, the "Financing Transactions") with such lenders and on such terms as may be approved by any one or more of the Authorized Persons, as may be reasonably necessary, desirable or appropriate for the continuing conduct of the affairs of the Company; and (b) pay related fees, incur the debt contemplated by the Financing Transactions and grant security interests in and liens upon some, all or substantially all of the Company's assets in each case as may be deemed necessary, desirable or appropriate by any one or more of the Authorized Persons in connection with the Financing Transactions;

**FURTHER RESOLVED**, that:  (a) the Authorized Persons shall be, and each of them, hereby is, authorized, directed and empowered, in the name and on behalf of the

*Gray Hawk Insurance Company*

Company, as debtor and debtor in possession, to take such actions and execute, acknowledge, deliver and verify such agreements, certificates, instruments, guaranties, notices and any and all other documents as the Authorized Persons may deem necessary or appropriate to facilitate the Financing Transactions (collectively, the "Financing Documents"); (b) Financing Documents containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary, desirable or appropriate by the Authorized Person are approved; and (c) the actions of any Authorized Person taken pursuant to this resolution, including the execution, acknowledgement, delivery and verification of all such Financing Documents, shall be conclusive evidence of such Authorized Person's approval and the necessity, desirability or appropriateness thereof;

**FURTHER RESOLVED**, that the Authorized Persons shall be, and each of them, hereby is, authorized, directed and empowered, in the name and on behalf of the Company, as debtor and debtor in possession, to negotiate, execute, deliver and perform on behalf of, and take such actions and execute, acknowledge, deliver and verify such agreements, certificates, instruments, guaranties, notices and any and all other documents as the Authorized Persons, or any of them, may deem necessary or appropriate to facilitate the transactions contemplated by the foregoing resolution including, but not limited to, any credit agreement, pledge agreement, security agreement, promissory note, letter of credit application, mortgage or other security instrument, containing such provisions, terms, conditions, covenants, warranties, and representations as may be deemed necessary, desirable or appropriate, and any modifications or supplements thereto, all such materials to be in the form approved by one or more of the Authorized Persons and the execution, acknowledgement, delivery and verification thereof by such Authorized Persons to be conclusive evidence of such approval and the necessity, desirability or appropriateness thereof;

**FURTHER RESOLVED**, that, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, each Authorized Person be, and hereby is, authorized with full power of delegation, in the name and on behalf of the Company, to take or cause to be taken any and all such further actions and to execute and deliver or cause to be executed or delivered, and to amend, supplement or otherwise modify from time to time, any and all such agreements, documents certificates, instruments, statements, notices, undertakings, amendments and other writings, and to incur and to pay or direct payment of all such fees and expenses, including filing fees, as in the judgment of the Authorized Person shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions adopted herein;

**FURTHER RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Person, or at the direction of an Authorized Person, or by any of the Professionals, in connection with the Chapter 11 Case or any proceedings related thereto, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company;

*Gray Hawk Insurance Company*

**FURTHER RESOLVED**, that any and all lawful actions and transactions by any Authorized Person, or at the direction of an Authorized Person, for and on behalf and in the name of the Company with respect to any transactions contemplated by the foregoing resolutions before the adoption of the foregoing resolutions be, and they hereby are, ratified, authorized, approved, adopted and consented to in all respects for all purposes;

**FURTHER RESOLVED**, that the Board and any Authorized Person hereby is authorized and directed to certify and/or attest these resolutions, certificate of incumbency and such other documents or instruments that the Secretary of the Company may deem necessary or appropriate in connection with the foregoing matters; <u>provided</u>, <u>however</u>, that such certification and/or attestation shall not be required for any document, instrument or agreement to be valid and binding on the Company; and

**FURTHER RESOLVED**, that for the purposes of these resolutions, the term "Authorized Person" shall mean and include (a) Richard H. Verheij, (b) Philip J. Cavatoni, (c) the most senior executive officer of the Company, regardless of title, and (d) the designee of any of them.

*This resolution may be executed by the respective parties in counterpart form and each counterpart is to be read as an original document and all such counterparts are to be deemed as representing the same document.  A facsimile transmission or PDF copy of this consent signed by the persons named below shall be sufficient to establish the signature of such person and to constitute the consent in writing of such person to the foregoing resolutions.*

IN WITNESS WHEREOF, the undersigned have executed this Written Consent effective the 3rd day of , August, 2015.

*Gray Hawk Insurance Company*

Name:    Jeffrey S. Eggleston
Title:    Director

*Gray Hawk Insurance Company*

Name:   Michael R. Blackburn
Title:    Director

Name:   Philip J. Cavatoni
Title:    Director